FILED

2017 Dec-20  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION**

| | | |
|---|---|---|
| CLAUDETTE STEELE, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No.: |
| | ) | |
| v. | ) | |
| | ) | **2:17-cv-02139-SGC** |
| BIRMINGHAM JEFFERSON | ) | |
| CIVIC CENTER AUTHORITY | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I.   INTRODUCTION

This action is brought to redress discrimination based on race and sex pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1983, and the Fourteenth Amendment to the Constitution of the United States.

### II.   JURISDICTION

1.    The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §§ 1331, 1343(4) and 28 U.S.C. §§ 2201 and 2202.

### III.   PARTIES

2.    Plaintiff, Claudette Steele [hereinafter "Steele" or "Plaintiff"], has fulfilled all conditions precedent to the institution of this action under Title VII of the

Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. Plaintiff Steele timely filed this action within the four-year statute of limitations set forth for racial discrimination claims brought under 42 U.S.C. § 1983 [*Baker v. Birmingham Bd. of Educ.*, 531 F. 3d 1336 (11th Cir. 2008)] and within ninety (90) days of the receipt of her notice of right to sue pursuant to Title VII.

3. Defendant, Birmingham Jefferson Convention Complex [hereinafter "BJCC"], is an entity subject to suit under Title VII. Defendant was Plaintiff's employer for purposes of Title VII of the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. § 1983. The Defendants employ at least fifteen (15) persons.

## IV. STATEMENT OF FACTS

4. The Defendant, BJCC, hired the Plaintiff, Claudette Steele, as a Senior Housekeeping Technician in 1992. Steele was promoted and transferred to various departments and positions including Payroll Clerk, Convention setup Supervisor and Convention Standards Supervisor. In 2008, BJCC promoted Steele to Custodial Services Manager, the position she was working in when she was terminated.

5. As Custodial Services Manager, Steele supervised 20 full-time employees and oversaw a large number of contract labor employees.

6.   On November 8,2016, Steele was informed by human resources that she was suspended pending an investigation into allegations made by her assistant, Ann Smith, that she was mistreating her subordinates.   There was no proof elicited to support these allegations; nevertheless, Steele was terminated on November 18, 2016.

7.   Mechanical Plant Supervisor Jerry Nelms [white male] has been accused of similar allegations but he is still employed.

## V.   CAUSES OF ACTION

### A.   TITLE VII-RACE DISCRIMINATION

8.   Plaintiff re-alleges and incorporate by reference paragraphs 1 through 7 above with the same force and effect as full set out in specific detail hereinbelow.

9.   Plaintiff has been discriminated against because of her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.  This treatment by the Defendant affected the terms and condition and enjoyment of Plaintiff's employment.

10.   The motivating factor for Defendant's actions regarding Plaintiff as alleged in paragraphs 1 through 7, herein, was intentional discrimination on the basis of race.

11.   Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's racially discriminatory, demeaning and unlawful conduct.

12.   The unlawful intentional actions of the Defendant as alleged herein, were undertaken with malice and in reckless disregard of the federally protected rights of the Plaintiff.

13.   The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.  The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless said behavior is enjoined by this Court.

## B.   TITLE VII-SEX DISCRIMINATION

14.   Plaintiff re-alleges and incorporate by reference paragraphs 1 through 13 above with the same force and effect as full set out in specific detail hereinbelow.

15.   Plaintiff has been discriminated against because of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.  This treatment by the Defendant affected the terms and condition and enjoyment of Plaintiff's employment.

16.   The motivating factor for Defendant's actions regarding Plaintiff as alleged in paragraphs 1 through 7, herein, was intentional discrimination on the basis of sex.

17. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's sexually discriminatory, demeaning and unlawful conduct.

18. The unlawful intentional actions of the Defendant as alleged herein, were undertaken with malice and in reckless disregard of the federally protected rights of the Plaintiff.

19. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

20. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein unless said behavior is enjoined by this Court.

## C. DISCRIMINATION IN VIOLATION OF THE FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 above with the same force and effect as full set out in specific detail hereinbelow.

22. This claim is being brought against the Defendant because it intentionally and unlawfully discriminated against the Plaintiff on the basis of her race [African-American] and her sex [female] in violation of the Fourteenth

Amendment to the Constitution of the United States of America and 42 U.S.C. § 1983.

23.     Specifically, the Defendant subjected the Plaintiff to race discrimination and sex discrimination when it terminated her while retaining a similarly situated white male employee.

24.     The Defendant engaged in the practices complained of herein with malice and/or reckless indifference to the Plaintiff's federally protected rights. Plaintiff was subjected to unequal treatment regarding her employment because of race and sex.

## VI.    **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the Defendants violated the rights of the Plaintiff as secured by Title VII, §1983, and Fourteenth Amendment;

2.     Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendants' request from continuing to violate Title VII, §1983, and the Fourteenth Amendment;

3.      Require the Defendant to make the Plaintiff whole by awarding her back pay and benefits (plus interest), reinstatement with fully restored seniority (or front pay in lieu thereof), compensatory and punitive damages (or nominal damages in lieu thereof); and

4.      Award such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, reasonable attorney's fees and expenses.

Respectfully submitted,

_Claudette Steele_

Claudette Steele, *Pro Se*

804 - Miami Pl

Birmingham, AL 35214

H- 205-791-9042

C- 205- 601-5246