FILED
2018 Nov-28  PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CLAUDETTE STEELE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO.** |
| **v.** | ) |
| | ) **2:17-cv-02139-SGC** |
| **BIRMINGHAM JEFFERSON** | ) |
| **CIVIC CENTER AUTHORITY,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT BIRMINGHAM JEFFERSON CIVIC CENTER AUTHORITY'S OBJECTION TO AND MOTION TO QUASH PLAINTIFF CLAUDETTE STEELE'S SUBPOENA ON A NON-PARTY

Pursuant to <u>Federal Rules of Civil Procedure</u>, Rule 45, Defendant Birmingham Jefferson Civic Center Authority d/b/a Birmingham Jefferson Convention Complex ("BJCC") respectfully submits its Objection to and Motion to Quash Plaintiff Claudette Steele's ("Ms. Steele") Rule 45 Nonparty Subpoena to Michael Quinn ("Mr. Quinn").

## I.     INTRODUCTION.

1.     Ms. Steele issued a Rule 45 Nonparty Subpoena to Mr. Quinn ("Subpoena") on November 20, 2018.

2. The Subpoena asks Mr. Quinn to provide "any and all handwritten or typed notes, stenographic transcripts and audio and/or video recordings of witness interviews," "typed notes and interview summaries created during interviews of witnesses," and "any and all handwritten notes or typed notes, stenographic and audio and/or video records of any recommendations" made by Mr. Quinn regarding Rene Browning's ("Ms. Browning") allegation of a hostile work environment against Susette Hunter ("Ms. Hunter") in or around January 2016. (See Subpoena to Mr. Quinn, attached as "Exhibit A").

3. All handwritten notes, transcripts, recordings and reports are protected from discovery on the basis of attorney work product privilege.

## II.     PROCEDURAL BACKGROUND.

4. Ms. Steele filed her Complaint against BJCC on December 20, 2017 alleging BJCC discriminated against her on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended by the Civil Rights Act of 1991 ("Title VII").  (See Doc. 1).

5. BJCC filed an Answer and Affirmative Defenses on January 23, 2018. (See Doc. 14).

6. Since that time, the parties have engaged in written discovery pursuant to the Federal Rules of Civil Procedure and the Court's February 7, 2018 Scheduling Order. (See Doc. 22).

7. Pursuant to the Court's February 7, 2018 Scheduling Order, the deadline for the parties to conduct discovery is November 30, 2018. (See Doc. 22, ¶ 4(b)).

8. On November 13, 2018 Ms. Steele took the deposition of BJCC's corporate representative, Elma Bell ("Ms. Bell"), pursuant to Federal Rules of Civil Procedure, Rule 30(b)(6).

9. On November 13, 2018, without providing BJCC with the requisite notice under Federal Rules of Civil Procedure, Rule 45, Ms. Steele issued the Subpoena to Mr. Quinn. (See Email from Mr. Cooks to Mr. Quinn, attached as "Exhibit B").

10. On November 13, 2018 BJCC requested that Ms. Steele withdraw the Subpoena to allow for a reasonable time in which to object based on Ms. Steele's non-compliance with Rule 45. (See Email from Ms. Stewart to Mr. Cooks, attached as "Exhibit C").

11. Ms. Steele temporarily withdrew the Subpoena to allow BJCC an opportunity to object. (See Email from Mr. Cooks to Ms. Stewart, attached as "Exhibit D").

12. On November 20, 2018, BJCC objected to the Subpoena on the basis that Mr. Quinn's summary and recommendations to BJCC are privileged under the

theory of attorney work product. (See Correspondence to Mr. Cooks, attached as "Exhibit E").

13. Despite BJCC's objection, Ms. Steele re-issued the Subpoena to Mr. Quinn. (See Email from Mr. Cooks to Ms. Stewart, attached as "Exhibit F").

### III. FACTUAL BACKGROUND RELATED TO MS. HUNTER.

14. Ms. Bell testified that Mr. Quinn conducted an investigation into allegations by Ms. Browning that her supervisor Ms. Hunter was creating a hostile work environment.

15. Based on the type of complaint Ms. Browning made against Ms. Hunter, BJCC's corporate attorney Wayne Morse ("Mr. Morse") believed that the situation could result in a lawsuit. (See Declaration of Wayne Morse ("Morse Dec."), ¶¶ 3 & 4, attached as "Exhibit G").

16. Mr. Morse's law firm, Waldrep, Stewart & Kendrick ("WSK"), retained Mr. Quinn, a local employment law attorney to conduct an investigation and provide recommendations for the benefit of BJCC in anticipation of litigation. (See Morse Dec., ¶ 6).

17. On October 20, 2016 Mr. Quinn conducted interviews with all BJCC employees under Ms. Hunter's supervision in the Sales Department as well as Ms. Hunter. (See Morse Dec., ¶ 7).

18. On October 26, 2016, Mr. Quinn provided his report regarding his investigation and his recommendations to Mr. Morse and BJCC. (See Morse Dec. ¶ 7).

## IV. ARGUMENT.

19. The documents flowing from Mr. Quinn's investigation are protected from disclosure by the attorney work product doctrine.

20. Federal Rules of Civil Procedure, Rule 26(b)(3)(A) states, in part: "Ordinarily a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent)."

21. Federal Rules of Civil Procedure, Rule 45(d)(3)(A), states, "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:…(iii) requires the disclosure of privileged or other protected matter, if no exception or waiver applies."

22. BJCC's corporate attorney retained Mr. Quinn in the event that Ms. Browning filed an EEOC Charge of Discrimination or a lawsuit against BJCC. (See Morse Dec., ¶ 5).

23. Because BJCC's attorney's primary motivating purpose of hiring Mr. Quinn to create his report was to aid in possible future litigation, it was prepared

"in anticipation of litigation or for trial." See Fed. R. Civ. P. 26; see also Union Ins. Co. v. Blakeney Palmer Co., LLC, 2013 WL 12138887, Case No. 7:12-cv-4072-RDP (N.D. Ala. Nov. 20, 2013)("Litigation need not be ongoing or even imminent, if the 'primary motivating purpose' for the creation of the document is for use in litigation and trial.").

24. The work-product doctrine protects "material prepared by agents" for attorneys. See U.S. v. Nobles, 422 U.S. 225, 238-39 (1975)("…attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial. It is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney himself.").

25. Mr. Quinn was an "agent" of WSK, BJCC's counsel. (See Morse Dec., ¶ 6).

26. As such, any material or documents prepared by him as part of his investigation, report or recommendations is subject to the attorney work product doctrine. (See Nobles, 422 U.S. at 238-39).

27. The Supreme Court has made it clear that an attorney's notes and memoranda of a witness's oral statements are considered to be opinion work product. See Upjohn Co. v. U.S., 449 U.S. 383, 399-400 (1981).

28. "Opinion work product enjoys nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." See Cox v. Administrator of U.S. Steel & Carnegie, 17 F. 3d 1386, 1422 (11th Cir. 1994).

29. Additionally, Mr. Quinn's report is protected by attorney-client privilege.

30. The attorney-client privilege applies when a "communication is made" to or from an attorney "confidentially, in his professional capacity, for the purpose of securing legal advice or assistance." See U.S. v. Schaltenbrand, 930 F. 2d 1554, 1562 (11th Cir. 1991).

31. Mr. Quinn, as an agent of WSK, communicated his recommendations in the report to both WSK and BJCC for the purpose of providing legal advice or assistance.

32. Based on the Subpoena seeking materials protected from disclosure by the attorney work product doctrine and attorney-client privilege, the Subpoena is due to be quashed.

WHEREFORE, BJCC respectfully moves the Court for an Order quashing Ms. Steele's subpoena to Mr. Quinn.

DATED:  November 28, 2018.

Respectfully submitted,


By: /s *Taffi S. Stewart*
    Taffi S. Stewart (asb-0450-m72t)
    Brittany R. Herring (asb-1392-h61l)
    *Attorneys for Defendant Birmingham Jefferson Civic Center Authority d/b/a Birmingham Jefferson Convention Complex*

**OF COUNSEL:**
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, Alabama 35213
Phone: (205) 967-8822
Fax: (205) 967-2380
tstewart@lgwmlaw.com
bherring@lgwmlaw.com

## CERTIFICATE OF SERVICE

    I hereby certify that on the 28th day of November, 2018, a true and correct copy of the foregoing has been furnished either through the Court's electronic filing or by U.S. Mail, postage prepaid, upon the following parties and other relevant individuals:

Roderick T. Cooks, Esq.
Lee Winston, Esq.
Winston Cooks, LLC
The Financial Center
505 20th Street North, Suite 815
Birmingham, Alabama 35203
Telephone: (205) 502-0970
rcooks@winstoncooks.com
lwinston@winstoncooks.com
*Attorneys for Plaintiff*


/s *Taffi S. Stewart*

8

OF COUNSEL

9

3149880_1